| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |

```
-------------------------------------------------------:
In re                                                  :   Chapter 11
                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   Case No.  08-13555 (JMP)
                                                       :
Debtors.                                               :   (Jointly Administered)
-------------------------------------------------------:
WENDY M. UVINO,                                        :
                                                       :   Adversary Proceeding
Plaintiff,                                             :
                                                       :   No. 10-05428 (JMP)
v.                                                     :
                                                       :
LEHMAN BROTHERS HOLDINGS INC.,                         :
                                                       :
Defendant                                              :
-------------------------------------------------------:
```

## MEMORANDUM DECISION GRANTING MOTION TO DISMISS BUT ALLOWING *QUANTUM MERUIT* CLAIMS FOR WORK PERFORMED IN 2010

WEIL, GOTSHAL & MANGES, LLP
*Attorneys for Debtors*
767 Fifth Avenue
New York, New York 10153

    Lawrence J. Baer, Esq.

LAW OFFICES OF AVRUM J. ROSEN, PLLC
*Attorneys for Wendy Uvino*
38 New Street
Huntington, New York 11743

    Avrum J. Rosen, Esq.

JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Before the Court is a motion (the "Motion to Dismiss")[1] filed by defendant Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor")[2] for an order dismissing the complaint (the "Complaint") filed by plaintiff Wendy Uvino (the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"). The Complaint relates to claims arising out of Plaintiff's post-petition employment by LBHI as its director of human resources. Plaintiff no longer works at LBHI, and she now complains about how she was treated by the Debtor and seeks additional compensation for her post-petition services under a variety of legal theories.

The parties presented oral argument on the Motion to Dismiss at a hearing held on April 13, 2011 (the "Hearing"). The argument focused on Plaintiff's ability as an at-will employee to obtain relief from the Debtor under theories of *quantum meruit*, constructive discharge and breach of the duty of good faith and fair dealing. Having considered the issues, the Court grants the Motion to Dismiss with respect to claims based on constructive discharge and breach of contract (including the asserted breach of an alleged duty of good faith and fair dealing) and limits her *quantum meruit* cause of action to those months in calendar year 2010 that she continued to work for the Debtor without an executed employment contract.

---

[1] Motion to Dismiss Adversary Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), dated Jan. 13, 2011, ECF No. 4.

[2] The Motion to Dismiss was filed jointly on behalf of each of the three defendants initially named in the Complaint -- LBHI, Alvarez & Marsal ("A&M") and an A&M employee named Robert Hershan ("Hershan"). After the Hearing the plaintiff agreed to dismiss the Complaint with prejudice with respect to defendants A&M and Hershan. *See* Stipulation of Dismissal, dated Apr. 27, 2011, ECF No. 15. Currently, LBHI is the only defendant in the Adversary Proceeding.

*Background and Procedural History*

Before LBHI commenced its chapter 11 case on September 15, 2008 (the "Petition Date"), Plaintiff was a senior vice president in the human resources department of Lehman Brothers Inc.  Complaint ¶ 16.  Following the Petition Date, Plaintiff was retained by LBHI as the head of the human resources department pursuant to a letter agreement effective October 20, 2008.  *Id.* ¶ 27.  *See* Declaration of Lawrence J. Baer in Support of Defendants' Motion to Dismiss Adversary Complaint Pursuant to Rule of Civil Procedure 12(b)(6), dated Jan. 13, 2011, ECF No. 5 (the "Baer Decl."), Ex. B (letter agreement dated Oct. 16, 2008) (the "First Commitment Letter").

The First Commitment Letter outlined the terms of Plaintiff's employment with LBHI for a period of fifteen months through December 31, 2009 and provided that Plaintiff's employment was at-will and could be terminated by either party at any time for any reason.  Among other things, the agreement states that "this letter represents the complete agreement between [Plaintiff] and LBHI with respect to [Plaintiff's] compensation."  Baer Decl. Ex. B (First Commitment Letter).  Plaintiff was to receive a $240,000 annual salary and was also eligible for a potential cash bonus of up to $250,000.  Baer Decl. Ex. B (First Commitment Letter).  Plaintiff expressed initial dissatisfaction with these proposed compensation terms.  Complaint ¶ 27.

In an apparent effort to induce Plaintiff to accept the offer of employment despite her reservations as to the adequacy of compensation, Hershan allegedly told Plaintiff that, subject to her performance, she could expect to see a subsequent increase in the size of her bonus.  *Id.* ¶ 30.  As a result of these discussions, the First Commitment Letter was modified to add a handwritten provision stating that "[t]he parties agree to engage in a

3

performance review no later than 6/30/09 for consideration of a potential increase in bonus potential." *Id.* ¶¶ 31-32. Despite Plaintiff's repeated requests, this "performance review" did not take place until November 30, 2009. *Id.* ¶¶ 41-47.

On or about December 3, 2009, LBHI offered Plaintiff a renewal commitment letter. Baer Decl. Ex. C (Proposed letter agreement dated Dec. 3, 2009) (the "<u>Renewal Commitment Letter</u>" and, with the First Commitment Letter, the "<u>Commitment Letters</u>"). The Renewal Commitment Letter purported to cover the twelve-month period scheduled to begin immediately after the expiration of the First Commitment Letter – *i.e.*, from January 1, 2010 through December 31, 2010. The Renewal Commitment Letter offered a base salary of $240,000 with the possibility of the award of a bonus of up to $220,000. Like the First Commitment Letter, the Renewal Commitment Letter expressly provided that Plaintiff's employment with LBHI would be at-will and subject to termination by either party at any time for any reason. *Id.*

Plaintiff was unhappy with the compensation arrangements set forth in the Renewal Commitment Letter and chose not to sign it. Complaint ¶¶ 50-53. Nonetheless, she continued to work for LBHI until voluntarily resigning on June 16, 2010. *Id.* ¶ 53. During this time, Plaintiff alleges that she was "completely and systematically ignored" by Hershan, and any communications between herself and Hershan were "funneled" through his subordinates. *Id.* ¶¶ 54-56.

Plaintiff filed the Complaint on December 14, 2010, alleging three counts relating to her employment: (i) a claim for *quantum meruit* against defendant LBHI; (ii) a claim for constructive discharge against defendants LBHI, A&M and Hershan; and (iii) a claim for hostile work environment against defendants A&M and Hershan. Complaint ¶¶ 68-

4

94. Since then, Plaintiff has dropped all claims as to A&M and Hershan and has sought leave to amend the Complaint[3] to add a different third cause of action alleging that LBHI breached a duty of good faith and fair dealing under the Commitment Letters and the Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Implementation of the Retention and Recruitment Program, dated Nov. 21, 2008, Case No. 08-13555, ECF No. 1662 (the "Retention and Recruitment Order").

At the Hearing, counsel for the parties stipulated that the Motion to Dismiss would be deemed to apply not only to the first and second causes of action in the initial Complaint but also to the proposed new third cause of action included in Plaintiff's proposed Amended Complaint. *See* Transcript of Hearing dated Apr. 13, 2011 (hereinafter "Hearing Tr.") 38:2-38:25; 43:25-44:3. As a result, this decision deals with the sufficiency of the two original causes of action and the newly articulated third cause of action for breach of contract.

*Rule 12(b)(6) Standard*

Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), permits a bankruptcy court to dismiss an adversary proceeding if a plaintiff's complaint fails to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *E.E.O.C. v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000). To survive a challenge to the adequacy of a complaint under

---

[3] *See* Plaintiff's Mem. of Law in Opp'n to Defendants' Mot. to Dismiss Complaint and in Support of App. to Amend Complaint, dated Mar. 11, 2011, ECF No. 8 (the "Response") at 18-23.

5

Rule 12(b)(6), the factual allegations need to be supported by more than merely conclusory statements. *Twombly*, 550 U.S. at 555. These allegations must be sufficient "to raise a right to relief above the speculative level," and provide more than a "formulaic recitation of the elements of a cause of action." *Id.* In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

I.  *Plaintiff may not maintain claims for quantum meruit that relate to a period when she was employed under a valid employment contract*

Plaintiff's first count requests damages under a *quantum meruit* theory on the grounds that LBHI benefitted from services provided by Plaintiff beyond "what was contemplated at the time she entered into the [First] Commitment letter." Complaint ¶¶ 70-71. Notably, Plaintiff fails to specify the precise time period upon which this claim rests.[4] To the extent Plaintiff seeks to recover on the basis of *quantum meruit* for services rendered to LBHI pursuant to the First Commitment Letter and prior to the date of its expiration, the count is dismissed. *Quantum meruit* is a quasi-contractual cause of action that may be pursued to obtain relief under circumstances when a valid contract does not exist. *See, e.g., EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y.3d 11, 23 (2005) ("[P]laintiff fails to state a cause of action for unjust enrichment as the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter") (citations omitted). The First Commitment Letter sets forth the terms of employment in a binding and enforceable written contract, and, as such, functions as a barrier to Plaintiff's efforts to use a quasi-contractual theory to obtain additional compensation for services covered by that agreement.

---

[4] *See* Response at 12-13 ("the first cause of action is predicated upon both the original Commitment Letter and the revised Commitment Letter …").

6

Because Plaintiff never executed the Renewal Commitment Letter, relief under a *quantum meruit* theory is permissible and may be available in connection with services rendered by Plaintiff to LBHI during the months that she worked after the expiration of the First Commitment Letter. As a result, the first cause of action is not dismissed in its entirety and may proceed against LBHI on this limited basis.

**II.    *Constructive discharge is not an available remedy***

The Complaint also requests relief on the grounds that "defendants, through their actions, constructively terminated Plaintiff." Complaint ¶ 81. New York courts do not recognize an independent cause of action for constructive discharge by an at-will employee. *See, e.g., DeLuca v. SmithKline Beecham Corp.*, 2007 WL 541656, at *2-3 (S.D.N.Y. Feb. 20, 2007) ("New York does not recognize a common law cause of action for constructive discharge"). Plaintiff relies on several state court decisions from Connecticut that have allowed constructive discharge claims by at-will employees. *See* Response at 15-16. Connecticut law does not apply to Plaintiff's claims, and these cases are inapposite to Plaintiff's second cause of action.

Although the Commitment Letters do not include a choice-of-law provision, they appear to have been drafted in New York, and Plaintiff was employed by the Debtor in New York at the offices of LBHI. Plaintiff has failed to assert any basis for applying Connecticut law to support her constructive discharge claim and that claim simply is not available under New York law for an at-will employee.[5] As a result, the second cause of

---

[5] Aside from a single paragraph in the Response, Plaintiff does not appear to seriously contest the at-will nature of her employment under the Commitment Letters. *See* Response at 22.

7

action of the Complaint does not state a claim upon which relief may be granted and is dismissed.[6]

### III.   The Third Cause of Action fails to state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing

The third cause of action of the proposed Amended Complaint is styled as a breach of contact count, but that is somewhat misleading because this section of the Complaint does not directly plead any actual breaches of any employment contract. Instead, this cause of action restates earlier allegations as to the conduct of LBHI claiming that LBHI has thereby breached its duty of good faith and fair dealing. This new cause of action is a repackaged set of the same grievances offering little that is really new.

Plaintiff's breach of contract allegations reiterate themes from the first two causes of action claiming that certain conduct of LBHI constitutes a breach of the duty of good faith and fair dealing. Such a breach is based upon the assertions that LBHI "fail[ed] to adequately compensate Plaintiff for work performed," "creat[ed] an unprofessional work environment causing the Plaintiff to leave Defendant LBHI," and took these actions "with the sole purpose of eliminating Plaintiff's position without having to pay Plaintiff what she would be entitled to receive under the Retention and Recruitment Order."[7]

Plaintiff expresses dissatisfaction with the unfavorable conditions of her employment at LBHI, her eventual exclusion from the ranks of senior management and

---

[6] LBHI argued in the alternative that even assuming that Plaintiff could assert an independent cause of action for constructive discharge, the Complaint failed to allege sufficient facts to support such a claim. Motion to Dismiss at 8-12. Given the Court's ruling, there is no need to address this alternative argument.

7 Declaration of Avrum Rosen in Opp'n to Defendants' Mot. to Dismiss Plaintiff's Complaint, dated Mar. 11, 2011, ECF No. 9 (the "Rosen Decl."), Ex. J (Proposed Amended Complaint) (hereinafter, the "Amended Complaint") ¶¶ 96-98.

8

Debtor's failure to pay fair compensation for increased responsibilities that were not contemplated when she was initially hired as the director of human resources. Curiously, she has made a series of allegations that, despite being grouped together under the heading "breach of contract," do not complain about the breach of any particular contract provisions. Plaintiff herself has characterized the Debtor's actions as breaches of the implied duty of good faith and fair dealing, not breaches of contract provisions. Even when viewing her allegations in the most favorable light, the third cause of action does not state a claim for breach of the First Commitment Letter, the only signed writing between the parties that establishes the terms of the employment relationship.[8]

A cause of action for breaches of the duties alleged by Plaintiff ordinarily may not be brought in connection with an at-will employment agreement such as the First Commitment Letter. *See Boritz v. Fin. Info. Servs. Agency*, 1995 WL 464955, *4 (S.D.N.Y. 1995) (there is generally no implied covenant of good faith and fair dealing with respect to an at-will employment agreement). Because the First Commitment Letter reflects an at-will employment relationship with no implied covenant of good faith and fair dealing, the third cause of action fails to state a viable claim.

---

[8] The third cause of action of the Amended Complaint conceivably could allege a claim for "breach of contract" on the basis of LBHI's delay in holding Plaintiff's performance review. The handwritten undertaking to conduct an early review offers no hint as to whether Plaintiff would receive any financial benefit as a result of this review. The Complaint alleges in background paragraphs that this specially negotiated provision was both added to the First Commitment Letter and thereafter disregarded by LBHI. The text of the third cause of action, however, does not directly address the delayed performance review as one of the grounds for a breach of contract claim, and it is not clear whether such a claim for technical breach of the handwritten provision would even rise to the level of a claim for relief that goes beyond the purely speculative given the discretionary aspects of the performance review process, the lack of any firm and enforceable commitment to pay bonus compensation and the difficulty in proving any causally related damages.

Nor can claims for breach of this implied duty be made under the Renewal Commitment Letter. This supplemental agreement was never executed by the Plaintiff and is not a valid and enforceable contract. *See* Complaint ¶¶ 48, 53. It is well established that in the absence of a contract, no duty of good faith and fair dealing exists. *See Comprehensive Habilitation Svs., Inc. v. Commerce Funding Corp.*, 2009 WL 935665, at *22 (S.D.N.Y. Apr. 7, 2009) (dismissing claim for breach of the covenant of good faith and fair dealing because a valid contract did not exist between the parties). Accordingly, the third cause of action does not state claims in relation to the Renewal Commitment Letter.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing also is not properly related to the Retention and Recruitment Order and is without merit. The Retention and Recruitment Order, quite obviously, is an order of the Court, not a private contract. An order does not give third parties the right to assert contractual or quasi-contractual claims alleging breaches of the implied covenant of good faith and fair dealing. The Retention and Recruitment Order may be enforced or interpreted in appropriate circumstances for cause shown but does not serve as a basis for any claim by a former employee alleging a breach of contract by LBHI.

*Conclusion*

Plaintiff's claims in the Complaint are limited to *quantum meruit* claims with respect to those services as an employee of the Debtor that were performed without a governing employment contract following the date of expiration of the First Commitment Letter. Her other claims are dismissed for the reasons stated. Plaintiff is granted permission to file a further amended Complaint with respect to her breach of contract

claims provided that this pleading is filed within thirty days.  LBHI is directed to submit an order consistent with this decision.

Dated: New York, New York
       May 23, 2011

                                      *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge